UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LENNY MOLINA,

                           Plaintiff,

      -against-

HORNBLOWER GROUP, INC., HORNBLOWER
NEW YORK, LLC, and HORNBLOWER CRUISES
AND EVENTS, LLC

                        Defendants.
------------------------------------------------------------------X

**Case No.:**

**COMPLAINT**

       The Plaintiff, LENNY MOLINA (hereinafter "Plaintiff" or "Molina"), by and through his attorneys, Shalom Law, PLLC, alleges and states as follows:

### PRELIMINARY STATEMENT & NATURE OF THE ACTION

       1.    Plaintiff brings this action against HORNBLOWER GROUP, INC., HORNBLOWER NEW YORK, LLC, and HORNBLOWER CRUISES AND EVENTS, LLC (collectively hereinafter, "Hornblower" or "Defendants") as a joint employer of Plaintiff.

       2.    Plaintiff was discriminated against by Defendants because of his disability, in violation of the Americans with Disabilities Act (hereinafter the "ADA"), 42 U.S.C. §§ 12101, *et seq.*, the New York State Human Rights Law (hereinafter the "NYSHRL"), N.Y. Exec. Law § 296(1)(a), and the New York City Human Rights Law (hereinafter the "NYCHRL"), N.Y.C. Admin. Code § 8-107(1)(a).

       3.    Additionally, Plaintiff was subjected to egregious retaliation by Defendants, up to and including being wrongfully terminated, for requesting time off of work to care for a temporary disability arising from an on-the-job injury, which further violates the ADA, the NYSHRL, and the NYCHRL.

4. In this action, Plaintiff is seeking (i) compensatory damages; (ii) punitive damages; (iii) statutory attorneys' fees; (iv) back pay; (v) front pay; (vi) liquidated damages; (vii) emotional distress damages; and (viii) any other form of relief available by law or by equity, from Defendants for their discrimination and retaliation against the Plaintiff for exercising his statutory rights to take job-protected leave, for their failure to engage in an interactive dialogue to determine whether Plaintiff may be entitled to a reasonable accommodation, and for otherwise discriminating and retaliating against Plaintiff on account of his disability during his employment for availing himself of his rights.

## PARTIES

5. Plaintiff is a citizen of the State of Pennsylvania, currently residing in Schuylkill County.

6. Plaintiff was an employee of Hornblower, as defined by the ADA, NYSHRL, and NYCHRL, respectively, as he was employed to work for the benefit of Defendants, collectively, at all relevant times from on or about March 24, 2019 to May 18, 2020.

7. Defendant HORNBLOWER NEW YORK, LLC is a foreign Delaware corporation with its corporate headquarters in New York, New York.

8. Defendant HORNBLOWER GROUP, INC., is a foreign California corporation with its corporate headquarters in New York, New York.

9. Defendant HORNBLOWER CRUISES AND EVENTS, LLC is an Illinois State corporation with its corporate headquarters in Chicago, Illinois.

10. Upon information and belief, Defendants each maintain offices and do business under the name of "Hornblower" in, among other places, City, County, and State of New York.

11. Accordingly, each Defendant is an employer as defined by the ADA, NYSHRL, and NYCHRL. Further, each Defendant is a joint and/or single employer of Plaintiff.

**JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including, *inter alia*, the ADA (42 U.S.C. § 12101).

13. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the NYSHRL and the NYCHRL pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful employment practices were committed in the Southern District of New York.

15. On or about March 14, 2020, Plaintiff was injured while he was engaged in work for the Defendants when a large piece of equipment fell on him, which required him to take time off to take care of his health, as is within his statutory rights.

16. Yet, Defendants took this opportunity to callously discriminate against Plaintiff based on his disability, deny him his rights under the ADA and then wrongfully and unlawfully terminating Plaintiff when he sought to return to work in May of 2020 after he completed his medically-required leave.

17. Accordingly, Plaintiff timely filed on November 5, 2020 a charge of disability discrimination and retaliation with the United States Equal Employment Opportunity Commission (hereinafter the "EEOC").

18. Plaintiff subsequently received a Notice of Right to Sue Letter on November 16, 2020. A copy of the notice is annexed hereto as Exhibit "A."

19. Plaintiff has otherwise fully complied with all prerequisites to jurisdiction in this Court under the ADA.

## FACTS

20. For more than a year, Plaintiff dedicated himself tirelessly to the performance while employed for the benefit of Hornblower.

21. Throughout his tenure at Hornblower, Plaintiff received exemplary performance reviews and maintained a virtually unblemished record of employment, rendering him qualified for his position.

22. Unfortunately, however, on or about March 14, 2020, Plaintiff was injured by a large piece of equipment while he was unloading a truck for a Hornblower event.

23. Specifically, a large piece of equipment fell out of the truck and onto Plaintiff's left foot, crushing it and fracturing his left toe.

24. This injury caused Plaintiff intense pain throughout the rest of his shift and required him to seek medical attention for weeks thereafter, thus making Plaintiff an individual with a qualified disability under the ADA, 29 C.F.R. § 1630.2(g)(1).

25. Additionally, because Plaintiff's disability required him to refrain from putting weight on his left foot or ankle, Plaintiff's ability to engage in major life activities such as walking, standing, or sitting for long periods of time was substantially limited, as is described under the ADA, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i).

26. Defendants were immediately put on notice of Plaintiff's disability on the very date the injury occurred, March 14, 2020.

27. Indeed, not long after Plaintiff was injured that evening, Defendants' night-time event manager saw Plaintiff's injury (and the substantial pain Plaintiff was in) and sent him to urgent care that very night, all of which was documented in an incident report by Defendants' pier supervisor.

28. After leaving the job site, Plaintiff immediately went to Bayonne Medical Center, where he received a preliminary medical examination, pain medicine, and a splint, and was instructed to see his physician for further treatment on March 20, 2020.

29. On March 20, 2020, when Plaintiff met with his physician, he was ordered to stay home from work until further notice, which Plaintiff promptly and timely informed Defendants of by providing medical notes from both the urgent care center and his physician.

30. Indeed, Mr. Molina submitted additional letters from his doctor to Hornblower on or about March 22, 2020, May 5, 2020, and June 2, 2020, and these letters constituted notice to Hornblower that Mr. Molina was to remain out of work in light of his injury which constituted both a disability and a serious health condition.

31. Yet, despite Plaintiff's good faith efforts to keep Defendants informed about the status of his disability and ability to return to work, Defendants instead discriminated against him, denied him any reasonable accommodation (refusing even to engage in an interactive dialogue with him to assess the extent of his physical limitations and determine whether any accommodation could be provided), unlawfully retaliating against him for giving notice of his need for leave, and finally, wrongfully and unlawfully terminating him at the exact time when he most needed his legal right to job protection.

32. Specifically, Defendants interfered with Plaintiff's access to accommodations by failing to provide him with notice of his rights, as is required by law. Such actions are in direct violation of the ADA, 42 U.S.C. § 12111(9).

33. Additionally, when Plaintiff sought to discuss his return to work, Hornblower terminated him on or about May 18, 2020 – a date that fell in the midst of his medical leave, which was supported by his medical records, and was undoubtedly within the knowledge of Hornblower.

34. As a result of the foregoing, Defendants' deliberate, willful, and unlawful employment practices to our client have caused him to suffer: (a) loss of salary, wages, and benefits; (b) severe emotional distress, pain and suffering; and (c) other statutory damages and attorneys' fees.

35. Accordingly, Plaintiff is entitled to recover the maximum amount of damages recoverable in this jurisdiction, as well as any such additional or alternative relief as the Court deems just and proper.

## COUNT ONE

**Failure to Provide a Reasonable Accommodation in Violation of the ADA**
**42 U.S.C. §§ 12181,** *et seq***.**

36. Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

37. On March 14, 2020, Plaintiff was seriously injured while working for Defendants, making him a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111 of the ADA. Plaintiff could not perform the essential functions of his position without reasonable accommodation.

38. On or about March 22, 2020, May 5, 2020, and June 2, 2020, Plaintiff notified Defendants about his disability and requested a reasonable accommodation for, among other things, leave and/or extended leave.

39. However, Defendants refused and failed to engage in the interactive process, effectively denied Plaintiff's request for extended leave, and summarily terminated him upon his request to return.

40. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

41. Defendants intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages.

## COUNT TWO

**Retaliation in Violation of the ADA, 42 U.S.C. §§ 12181,** *et seq.*

42. Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

43. Plaintiff was qualified for his position when Defendants fired him.

44. In or about March 2020, Plaintiff engaged in protected activity by requesting reasonable accommodations for his disability.

45. Specifically, on March 22, 2020, Plaintiff turned in a medical note to Defendants instructing Plaintiff to remain out of work due to his injury until further notice, and Plaintiff subsequently took this leave.

46. Only, shortly after Plaintiff made a request for additional leave, Defendants summarily fired him in March of 2020, stating that it was due to COVID-19.

47. However, upon information and belief, Defendants' alleged reason for terminating Plaintiff's employment is pretextual and baseless. They fired Plaintiff because he requested reasonable accommodations for his disability, as no one else was terminated.

48. Plaintiff suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

49. Defendants intentionally violated Plaintiff's rights under the ADA, with malice or reckless indifference, and, as a result, are liable for punitive damages.

## COUNT THREE

### Discrimination in Violation of the NYSHRL, N.Y. Exec. Law § 296

50. Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

51. Pursuant to the NYSHRL, N.Y. Exec. Law § 296(1)(a), it shall be an unlawful discriminatory practice for an employer to refuse to hire or employ or to bar or to discharge from employment an individual because of an individual's disability or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment.

52. Pursuant to the NYSHRL § 297(9), any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate.

53. Additionally, according to NYSHRL § 296(6), it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this article, or attempt to do so.

54. Defendants, however, discriminated against Plaintiff in the terms and conditions of his employment because of his disability in violation of § 296(1)(a) of the NYSHRL.

55. Plaintiff has been disabled since in or about March of 2020, and therefore is a member of a protected class under the NYSHRL.

56. Despite having knowledge of Plaintiff's disability, Hornblower still chose to engage in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

57. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT FOUR

**Retaliation in Violation of the NYSHRL, N.Y. Exec. Law § 296**

58. Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

59. Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified, or assisted in any proceedings under this article. See N.Y. Exec. Law § 296(7).

60. Plaintiff engaged in a protected activity under the NYSHRL by requesting reasonable accommodations.

61. Upon information and belief, Defendants were aware of the protected activity.

62. However, Defendants undertook an adverse employment actions in response to Plaintiff's requests by denying his requests, failing to notify him of his right to engage in an Interactive Dialogue option, and finally by terminating him.

63. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT FIVE

**Discrimination in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a)**

64. Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

65. The NYCHRL § 8-107(1)(a) provides that it shall be an unlawful discriminatory practice for an employer or an employee or agent thereof, because of the actual or perceived disability of any person to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

66. Pursuant to the NYCHRL § 8-107(13), an employer is liable for unlawful discriminatory practices based upon the conduct of an employee where the employee exercised managerial or supervisory responsibility or the employer knew of the employee's or agent's discriminatory conduct and acquiesced in such conduct or failed to take immediate and appropriate corrective action.

67. Furthermore, an employer shall be deemed to have knowledge of an employer's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility, or the employer should have known of

the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

68. Pursuant to the NYCHRL § 8-107(6), it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so.

69. Additionally, according to NYCHRL § 8-502., any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate.

70. Hornblower discriminated against Plaintiff because of his disability in violation of § 8-107(1)(a) of the NYCHRL.

71. Since Plaintiff has been disabled since in or about March of 2020, he therefore is a member of a protected class under the NYCHRL.

72. Although they were made aware of Plaintiff's disability, Defendants still willfully engaged in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

73. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX

**Retaliation in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(7)**

74. Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

75. Pursuant to the NYSHRL, N.Y.C. Admin. Code § 8-107(7), "it shall be an unlawful discriminatory practice to retaliate or discriminate against any person because such person has opposed any practice forbidden under this chapter, filed a complaint, testified, or assisted in any proceeding under this chapter, commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to § 8-115 of this chapter."

76. Accordingly, New York City prohibits employers from taking adverse actions that would "dissuade a reasonable worker from making or supporting a charge of discrimination."

77. Additionally, Courts have repeatedly held that making a request for a reasonable accommodation is analogous to making or supporting a charge of discrimination and cannot be retaliated against (see, e.g., *Solomon v. Vilsack*, 763 F.3d 1, 15 n.6 (D.C. Cir. 2014) (citing rulings from every Federal Circuit Court holding that requests for reasonable accommodation are protected activities).

78. Thus, Plaintiff engaged in protected activity under the NYCHRL by requesting a reasonable accommodation for his disability.

79. Upon information and belief, Defendants were aware of Plaintiff's protected activity.

80. Yet still, Defendants undertook an adverse employment action against Plaintiff by refusing his requests for accommodations and terminating him.

81. Hornblower undertook these adverse employment actions against Plaintiff because he had been recently diagnosed with a disability and required medical leave, an unlawful motive under the NYCHRL.

82. And as a proximate result of Defendants' conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages, and benefits, plus statutory prejudgment and post-judgment interest;

C. Award of front pay to Plaintiff (including benefits);

D. Award of backpay to Plaintiff;

E. Award of liquidated damages to Plaintiff for damages incurred in connection with this action, equal to the sum amount of backpay and interest or as otherwise provided by the causes of action;

F. Award of all costs and reasonable attorneys' fees to Plaintiff for all costs incurred in connection with this action;

G. Award of compensatory damages to Plaintiff;

H. Award of emotional distress damages to Plaintiff;

I. Award of punitive damages to Plaintiff for Defendant's willful, reckless, intentional, knowing, and/or malicious misconduct; and

J. A grant of any such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: Forest Hills, New York
December 21, 2020

Respectfully submitted,

**SHALOM LAW, PLLC**

<u>*/s/ Jonathan Shalom*</u>
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
Jonathan@ShalomLawNY.com

*Attorneys for Plaintiff*