Ryan E. Dempsey
Partner
RDEMPSEY@GRSM.COM
DIRECT DIAL: (914) 777-2209
DIRECT FAX: (914) 709-4566



**GORDON&REES**
SCULLY MANSUKHANI
YOUR 50 STATE PARTNER™

ATTORNEYS AT LAW
500 MAMARONECK AVE SUITE 503
HARRISON, NY 10528
PHONE: 914-777-2225
GORDONREES.COM

August 9, 2021

**VIA ECF**
District Judge Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

    Re:    Lenny Molina v. Hornblower Group, Inc., Hornblower New York, LLC and
              Hornblower Cruises and Events, LLC
              <u>US District Court, Southern District Civil No.: 1:20-cv-10821-GHW</u>
              Our File:    EVR-1224573

Dear District Judge Woods:

        As you will recall, our firm has been retained to represent the interests of the defendants in the above-referenced matter. We write pursuant to paragraph I.(A) of Your Honor's individual rules, as well as paragraph 8(c) of Your Honor's Case Management Plan and Scheduling Order [Docket # 25], in order to immediately bring a dispute concerning expert discovery to the Court's attention.

        By way of background, during the telephonic Initial Conference held before Your Honor on March 30, 2021, the parties discussed and agreed upon a schedule for the exchange of fact and expert discovery in this matter. With respect to expert discovery, plaintiff's counsel informed the Court and counsel for the defendants during the Initial Conference of his intention to call plaintiff's treating physicians as expert witnesses in this case and, pursuant to paragraph 8(c) of the Scheduling Order, "[e]very party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make disclosures required by Fed. R. Civ. P. 26(a)(2) by **July 30, 2021**. As Your Honor is also aware, paragraph 8(c) of the Scheduling Order further states that "[e]very party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make disclosures required by Fed. R. Civ. P. 26(a)(2) by **August 30, 2021**.

        On July 29, 2021, a telephonic Conference was held with Your Honor addressing the parties' joint letter requesting an extension of the fact and expert discovery deadlines herein [Docket # 27]. The aforesaid application was denied by Your Honor and the parties were informed that the fact discovery deadline (**July 30, 2021**) and expert discovery deadline (**September 29, 2021**) would remain intact and as previously Ordered. Plaintiff's counsel did <u>not</u> serve any expert disclosures on or before July 30, 2021.

August 9, 2021
Page 2

Thereafter, on Friday, August 6, 2021, I e-mailed plaintiff's counsel to inquire whether his client could appear for an expert examination with defendants' foot surgery and podiatry specialist on *August 13, 2021* at *12:45PM*. Jonathan Shalom, Esq., counsel for plaintiff, responded by e-mail later that same afternoon indicating "[t]hat date works for plaintiff" and requesting a formal designation letter. Defendants sent plaintiff's counsel a formal letter designating the date, time and location of the aforesaid expert examination that same afternoon, as requested.

Earlier today, I received an e-mail from plaintiff's counsel stating as follows:

> "I took another look at Judge Wood's Scheduling Order. Pursuant to ¶ 8(c) of the Scheduling Order, Defendants were required to disclose any expert witness on or before July 30, 2021, which was the same day fact discovery closed. Your August 6, 2021 notice is, therefore, a week late, and my client has instructed me to notify you that he objects to proceeding with the independent medical examination due to Defendants' untimeliness."

Immediately upon receiving the aforesaid e-mail, I contacted plaintiff's counsel, Jonathan Shalom, Esq., via telephone for a "meet and confer" teleconference with an aim towards resolving the instant expert discovery dispute. To that end, I explained that I respectfully disagreed with plaintiff's interpretation of the applicable Scheduling Order and claim of untimeliness; that plaintiff's expert disclosures were due to be served by **July 30, 2021**; that plaintiff's counsel had represented to the Court and counsel for defendants during the Initial Conference that plaintiff would be calling treating physician(s) as expert(s) in this matter; that defendants' expert disclosures were not due until **August 30, 2021**; and that there was nothing untimely about defendants' designation letter and requested expert examination, which plaintiff's counsel had agreed to just three (3) days earlier. In response, Attorney Shalom advised that he would not be calling plaintiff's treating physicians as experts in this matter since he had missed the deadline and, in any case, his client would not appear for the defendants' expert examination scheduled for **August 13, 2021**. Despite requests for reconsideration, plaintiff's counsel stated in no uncertain terms to "put your position in writing to the Court."

In light of the foregoing, defendants hereby respectfully request either (1) an immediate conference with Your Honor in order to discuss the instant expert discovery dispute, or (2) an Order directing plaintiff to appear for the defendants' expert foot surgery and podiatry examination on *August 13, 2021* at *12:45PM*, as currently scheduled, insofar as neither the designation letter, nor the scheduled examination are untimely under the current Scheduling Order. This request is made <u>without</u> plaintiff's consent, as expeditiously as possible, after defendants' efforts to amicably resolve the instant expert discovery dispute were to no avail.

We thank Your Honor in advance for your time and attention to this matter. Please do not hesitate to contact the undersigned with any questions or concerns.

Respectfully Submitted,

Ryan E. Dempsey

August 9, 2021
Page 3

RED/
cc:

Jonathan Shalom, Esq.
Shalom Law, PLLC
105-13 Metropolitan Avenue
Forest Hills, NY 11375
718-971-9474
Email: jonathan@shalomlawny.com