Ryan E. Dempsey
Partner
RDEMPSEY@GRSM.COM
DIRECT DIAL: (914) 777-2209
DIRECT FAX: (914) 709-4566

**GORDON&REES**
**SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER**

ATTORNEYS AT LAW
500 MAMARONECK AVE SUITE 503
HARRISON, NY 10528
PHONE: 914-777-2225
GORDONREES.COM

October 1, 2021

**VIA ECF**
District Judge Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

  Re: Lenny Molina v. Hornblower Group, Inc., Hornblower New York, LLC and Hornblower Cruises and Events, LLC
    US District Court, Southern District Civil No.: 1:20-cv-10821-GHW
    Our File: EVR-1224573

Dear District Judge Woods:

  As you will recall, our firm has been retained to represent the interests of the defendants in the above-referenced matter. We write pursuant to paragraph 2(C) of Your Honor's individual rules, as well as paragraph 10 of Your Honor's Case Management Plan and Scheduling Order [Docket # 25], in order to initiate the dispositive motion process. In this regard, we hereby respectfully request a Pre-Motion Conference with Your Honor in accordance with Rule 2C(i) and Rule 3(E) of Your Honor's Individual Rules of Practice.

  Namely, the defendants hereby request leave to file a Motion for Summary Judgment and complete dismissal of plaintiff's Complaint in this matter pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is not on consent of all parties.

  Briefly, this case involves allegations of disability discrimination, retaliation and wrongful termination made by LENNY MOLINA (hereinafter "plaintiff"), an employee of Hornblower, under ADA 42 U.S.C. § 12181, et seq., the New York State Human Rights Law, N.Y. Exec. Law § 296, et seq. ("NYSHRL"), and the NYCHRL, N.Y.C Admin Code § 8-107, et seq. Specifically, plaintiff claims that he sustained an on-the-job injury on March 14, 2020 when a piece of equipment fell out of a truck and onto his left foot. He is claiming a non-displaced fracture to his left big toe. Furthermore, plaintiff alleges that this injury rendered him disabled within the meaning of the Americans with Disabilities Act ("ADA"), 29 C.F.R. § 1630.2(g)(1), and that Hornblower was placed on notice of the injury on the same date as the occurrence. Additionally, it is alleged that Hornblower failed to engage in the interactive process required under the ADA to determine whether any reasonable accommodation could be afforded to plaintiff, and that Hornblower unlawfully retaliated against plaintiff by terminating his employment.

October 1, 2021
Page 2

      The basis for defendants' Rule 56 Motion for Summary Judgment is twofold. First and foremost, plaintiff is not and was not disabled within the meaning of the ADA, the NYSHRL, or the NYCHRL and, consequently, his claims are not actionable as a matter of law. Therefore, defendants are entitled to Summary Judgment on the issue the issue of liability. Separately, defendants are equally entitled to Summary Judgment insofar as the evidence and testimony adduced to date demonstrates unequivocally that all decisions affecting plaintiff's employment status were for legitimate, non-discriminatory business considerations, having absolutely nothing to do with plaintiff's alleged disability. Simply put, the evidence demonstrates that the defendants did not discriminate against, retaliate against, or wrongfully terminate the plaintiff on the basis of his purported disability and, thus, defendants cannot be found to have violated either Federal or State Law.

      Defendants hereby propose the following briefing schedule for Your Honor's approval, which may obviate the need for convening a Pre-Motion Conference altogether:

- Defendant's Motion for Summary Judgment and supporting papers shall be served by **October 29, 2021**;
- Plaintiff's Opposition papers shall be served by **November 29, 2021**; and
- Defendant's Reply papers shall be served by **December 13, 2021**.

      The defendants also hereby respectfully request permission to file a motion to exclude any expert testimony and/or evidence offered by plaintiff at the time of trial in accordance with Individual Rule 3F, and pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).

      We thank Your Honor in advance for your time and attention to this matter. Please do not hesitate to contact the undersigned with any questions or concerns.

                                Respectfully Submitted,

                                GORDON REES SCULLY
                                MANSUKHANI, LLP

                                Ryan E. Dempsey

RED/
cc:

Jonathan Shalom, Esq.
Shalom Law, PLLC
105-13 Metropolitan Avenue
Forest Hills, NY 11375
718-971-9474
Email: jonathan@shalomlawny.com

1224573/62120093v.1